GREGORY S. GILCHRIST (State Bar No. 111536)
ggilchrist@kilpatricktownsend.com
GIA L. CINCONE (State Bar No. 141668)
gcincone@kilpatricktownsend.com
RYAN BRICKER (State Bar No. 269100)
rbricker@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, California  94111
Telephone: (415) 576 0200
Facsimile:  (415) 576 0300

ERICA C. CHANIN (*pro hac vice pending*)
echanin@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, Georgia  30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555

Attorneys for Plaintiff
THE CLOROX COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CLOROX COMPANY,<br>a Delaware Corporation,<br><br>     Plaintiff,<br><br>  v.<br><br>COLEMERG PRODUCTS LLC,<br>a New Jersey limited liability company,<br>and MEHMET TEPE, an individual,<br><br>     Defendants. | Case No. 21-cv-855<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND DILUTION (INJUNCTIVE RELIEF SOUGHT)**<br><br>**JURY TRIAL DEMAND** |

This lawsuit is necessary to stop Defendants Colemerg Products LLC and Mehmet Tepe (collectively, "Colemerg") from what appears to have been an opportunistic attempt to exploit the increased need for disinfectant products during the COVID-19 coronavirus pandemic and reported shortages of genuine products made by The Clorox Company ("Clorox" or "Plaintiff"), including Clorox disinfecting wipes that are EPA-approved to kill coronavirus on hard surfaces.  Since the pandemic started, Colemerg began using packaging that replicates Clorox's famous Diamond Logo for cleaning wipes that compete with Clorox's, and nakedly trade on the reputation and goodwill that

1 | Clorox has built in its Diamond Logo over more than 100 years.

2 |     Clorox complains against Colemerg as follows:

3 | **JURISDICTION, VENUE AND INTRA-DISTRICT ASSIGNMENT**

4 |     1.    Plaintiff Clorox's claims arise under the Trademark Act of 1946 (the Lanham Act), as

5 | amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§ 1051, *et seq.*).  This Court

6 | has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair

7 | competition), 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121 (Lanham Act).  This Court

8 | has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367.

9 |     2.    Clorox is informed and believes that venue is proper in this Court under 28 U.S.C.

10 | § 1391(b) because Colemerg transacts affairs in this district and because a substantial part of the

11 | events giving rise to the claims asserted arose in this district.

12 |     3.    Intra-district assignment to any division of the Northern District is proper under Local

13 | Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

14 | **PARTIES**

15 |     4.    Plaintiff The Clorox Company ("Clorox") is a Delaware Corporation headquartered in

16 | Oakland, California.  Since 1913, Clorox has manufactured, marketed and sold a variety of cleaning

17 | and disinfectant products to consumers and businesses.

18 |     5.    Clorox is informed and believes that Defendant Colemerg Products LLC is a New

19 | Jersey company headquartered at 480 Main Avenue, Wallington, NJ 07057.

20 |     6.    On information and belief, Defendant Mehmet Tepe is an individual domiciled at 5700

21 | Braxton Dr., #160, Houston, TX 77036, and is the owner of Colemerg Products LLC.  On October 15,

22 | 2020, Mr. Tepe applied, as an individual, to register the COLEMERG mark with a diamond design

23 | that is nearly identical to Clorox's Diamond Logo, covering antibacterial hand soaps, antibacterial

24 | wipes, and disinfectant wipes (Serial No. 90257339).

25 |     7.    Colemerg promotes and sells a variety of cleaning products that bear replicas of

26 | Clorox's Diamond Logo throughout the United States, including in this judicial district, via its website

27 | at www.colemergproducts.com, and third party retailers such as Walmart, Sears, and Meijer. .

28 | / / /

1

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

2        8.      Clorox was founded in 1913 in Oakland, California, as The Electro-Alkaline Company.

3 Using $100 seed money from each of five investors, Clorox began manufacturing industrial bleach,

4 which was delivered to local businesses by horse-drawn wagon.  As demand for household bleach

5 grew, so did Clorox's manufacturing and distribution capabilities, as well as its renown among

6 consumers.  The United States Supreme Court has noted that as far back as 1957, Clorox's sales of

7 household liquid bleach reached close to $40 million annually and its share of the household liquid

8 bleach market was almost 50%.  Clorox's flagship product enjoyed widespread popularity and regard.

9 For example, the Milwaukee Journal of March 15, 1950, touted Clorox's effectiveness and

10 dependability, and concluded that Clorox was "a 'must'" on anyone's housekeeping list.

11        9.      Clorox marks its cleaning products with a set of trademarks that are famous around the

12 world, including the CLOROX® trademark, and its famous Diamond Logo (the "CLOROX

13 DIAMOND Mark").  The CLOROX DIAMOND Mark, shown below with the CLOROX word mark

14 inset, was adopted in 1914.  It was created by Abel Hamlet, and has been used across the company's

15 line of bleach and cleaning products for more than a century.

16

17

18



19

20

21

22        10.     Over the years, Clorox has used its famous CLOROX DIAMOND Mark across its

23 product lines.  Examples of Clorox's use are in the table below.

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

COMPLAINT
CASE NO.  21-cv-855

1
2
3
4
5
6
7
8
9
10
11



12
13
14
15
16
17
18
19
20




21
22    11.    Clorox annually has spent great amounts of time, money, and effort advertising and

23  promoting the products on which these trademarks are used. CLOROX® liquid bleach has been

24  advertised on television since the 1950s, and has been advertised extensively in print media for more

25  than a century.  Clorox has advertised its CLOROX® and CLOROX DIAMOND Mark branded

26  products at a high level ever since, and its marketing programs now incorporate the full range of

27  internet and social media advertising in addition to an expanded presence in more traditional

28  advertising venues.  Clorox's retail presence assures that these advertisements will be reinforced with

consumers every time they visit the wide range of stores that carry Clorox's household products, including grocery stores, big box retailers, and household supply companies.

12.     In the almost 100 years since its flagship product was introduced, Clorox has sold billions of dollars' worth of its CLOROX® brand products all over the world.  As a result of Clorox's substantial and longstanding use of the mark, the CLOROX® trademark and CLOROX DIAMOND Mark are famous, enjoy extremely strong consumer recognition, and are recognized around the world by consumers as signifying high quality household products.

13.     It has been part of Clorox's mission for years to help communities, frontline personnel and vulnerable populations in times of global health crises and natural disasters. To date, The Clorox Company, its brands, and Foundation have contributed over $14 million to COVID-19 relief in the U.S. and $16 million globally, via product donations and grants to local nonprofits and national organizations supporting caregivers on the frontlines of COVID-19, including Direct Relief, CDC Foundation Emergency Response Fund and the American Red Cross.  These donations are part of Clorox's longstanding history of providing support to public health organizations.

14.     During the global COVID-19 pandemic, consumers around the world have turned to Clorox to fill the increased need for cleaning and sanitization products – including Disinfecting Wipes marked with the trusted CLOROX DIAMOND mark – based on the reputation Clorox has earned for providing high-quality, safe, effective products over decades.  While millions of units of Clorox's Disinfecting Wipes have reached retail shelves and consumers' homes, demand has remained extraordinarily high.  As a result, Clorox has worked tirelessly to expand its capacity and meet consumers' needs, including by running its manufacturing facilities 24/7; adding more than 12 new suppliers to help maximize product output; and of course, taking care of its frontline teams, who are critical to the overall effort.

**The CLOROX DIAMOND Mark**

15.     Clorox owns registered and common law rights in its famous CLOROX DIAMOND Mark.  Clorox has used the mark continuously in interstate commerce for more than a century on a variety of cleaning and household products, including bleach, household cleaners, disinfectants, sanitizers, and anti-bacterial products.  Clorox is the exclusive owner of numerous trademark

registrations worldwide for the CLOROX DIAMOND Mark – and a variety of trademarks that

incorporate the CLOROX DIAMOND Mark – as well, including those listed in the table below, all of

which are valid, subsisting, and have been continuously used since on or before their first-use dates.

| Registration Number / Goods and Services | Mark | Application/Registration Dates |
|---|---|---|
| Reg. No. 2942482 HOUSEHOLD AND LAUNDRY BLEACH; LIQUID ALL FABRIC BLEACH; [BLEACHING POWDER]; FLOOR CLEANERS; ALL-PURPOSE HOUSEHOLD CLEANERS; LAUNDRY SOIL AND STAIN REMOVER; TOILET BOWL CLEANER; AUTOMATIC TOILET BOWL CLEANER; [FABRIC REFRESHER]; DISPOSABLE WIPES IMPREGNATED WITH DISINFECTING CHEMICALS FOR HOUSEHOLD CLEANING USE in Class 3 ALL-PURPOSE DISINFECTANTS; GENERAL PURPOSE GERMICIDE; ALL-PURPOSE DISINFECTANT SPRAY; TOILET BOWL DISINFECTANT in Class 5 DISPOSABLE PAPER CLEANING CLOTHS FOR CLEANING HARD SURFACES in Class 16 | | Filed: Apr. 29, 2002 Registered: Apr. 19, 2005 |
| Reg. No. 1734257 BLEACH FOR LAUNDRY USE in Class 3 | | Filed: May 1, 1989 Registered: Nov. 24, 1992 |

| Registration Number / Goods and Services | Mark | Application/Registration Dates |
|---|---|---|
| Reg. No. 1485837<br>LAUNDRY BLEACH in Class 3 |  | Filed: Feb. 19, 1987<br>Registered: Apr. 26, 1988 |
| Reg. No. 4313825<br>ALL PURPOSE CLEANING PREPARATIONS; DISPOSABLE WIPES IMPREGNATED WITH CLEANING CHEMICALS OR COMPOUNDS FOR INDUSTRIAL AND COMMERCIAL USE; DISPOSABLE WIPES IMPREGNATED WITH CLEANSING CHEMICALS OR COMPOUNDS FOR HOUSEHOLD USE in Class 3 | CLOROX HEALTHCARE<br> | Filed: July 21, 2011<br>Registered: Apr. 2, 2013 |
| Reg. No. 4321217<br>ALL PURPOSE CLEANING PREPARATIONS in Class 3<br>ALL PURPOSE DISINFECTANTS FOR REMOVAL OF MOLD AND MILDEW STAINS in Class 5 | CLOROX PROFESSIONAL<br> | Filed: Sept. 28, 2012<br>Registered: Apr. 16, 2013 |
| Reg. No. 4553110<br>DISPOSABLE WIPES IMPREGNATED WITH CLEANSING CHEMICALS OR COMPOUNDS FOR HOUSEHOLD USE in Class 3 | CLOROX<br> | Filed: June 6, 2013<br>Registered: June 14, 2014 |
| Reg. No. 4663036<br>ALL-PURPOSE DISINFECTING AND DEODORIZING SPRAY; HAND SANITIZER; MEDICATED RASH RELIEF OINTMENT in Class 5 | CLOROX CARE CONCEPTS<br> | Filed: May 9, 2014<br>Registered: Dec. 30, 2014 |

| Registration Number / Goods and Services | Mark | Application/Registration Dates |
|---|---|---|
| Reg. No. 4687529 MOISTURIZING SKIN LOTION; HAND SOAP; SHAMPOO; CLEANING SPRAY FOR PERSONAL USE, NAMELY, BODY SPRAY USED AS A PERSONAL GERMICIDAL DEODORANT; DISPOSABLE WIPES IMPREGNATED WITH A SKIN CLEANSER; DISPOSABLE WIPES IMPREGNATED WITH CLEANSING CHEMICALS OR COMPOUNDS FOR HOUSEHOLD USE WITH AND WITHOUT BLEACH; GERMICIDAL BLEACH FOR HOUSEHOLD USE; GERMICIDAL BLEACH SPRAY FOR HOUSEHOLD USE; GERMICIDAL NON-BLEACH SPRAY FOR HOUSEHOLD USE; STAIN REMOVER in Class 3 | CLOROX CARE CONCEPTS <br> CARE <br> C O N C E P T S | Filed: May 9, 2014 <br> Registered: Feb. 17, 2015 |
| Reg. No. 5617765 HAND-SANITIZING PREPARATIONS in Class 5 | CLOROX | Filed: Sept. 29, 2015 <br> Registered: Nov. 27, 2018 |
| Reg. No. 5783282 ALL PURPOSE CLEANING PREPARATIONS; DISPOSABLE WIPES IMPREGNATED WITH CLEANSING CHEMICALS OR COMPOUNDS FOR HOUSEHOLD USE; LAUNDRY BLEACH in Class 3 ALL-PURPOSE DISINFECTANTS; DISPOSABLE WIPES IMPREGNATED WITH DISINFECTING CHEMICALS OR COMPOUNDS FOR HOUSEHOLD USE in Class 5 | CLOROX | Filed: June 1, 2018 <br> Registered: June 18, 2019 |

**Colemerg's Infringement of Clorox's Trademarks**

16.     Beginning at some time in the past and continuing until the present, Colemerg has promoted, distributed, offered, and sold disinfectant and anti-bacterial products bearing a diamond design that imitates, infringes, and dilutes Clorox's trademarks.

17.     In particular, Colemerg has promoted and sold disinfecting wipes and cleaning products that bear nearly-identical replicas of the CLOROX DIAMOND Mark (the "Infringing Products") throughout the United States, including in this judicial district, via its website at www.colemergproducts.com and third party retailers such as Walmart, Sears, and Meijer, where Clorox products are also sold.  These Infringing Products are likely to confuse consumers about the source of Colemerg's products and/or a relationship between Colemerg and Clorox.

18.     Colemerg's founder and/or owner, Defendant Mehmet Tepe, has underscored Colemerg's use of its replica of the CLOROX DIAMOND Mark as a source identifier by applying to register the mark at the United States Patent and Trademark Office, claiming exclusive ownership of Colemerg's infringing design.  Further, the extent of Colemerg's copying – including its imitation of the look and feel of Clorox's packaging, and even its addition of a sparkle embellishment in the corner of its replica of Clorox's CLOROX DIAMOND Mark – leaves no doubt that Colemerg has deliberately sought to deceive consumers about Clorox's involvement with the Infringing Products.

19.     Representative images of Colemerg's Infringing Products follow:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

COMPLAINT
CASE NO.  21-cv-855

**Infringing Products**





20.    A side-by side comparison of an examples of the logos used on Colemerg's Infringing

Products, with Clorox's initial disinfecting wipes product, follows:

 

21.     Colemerg has promoted, distributed, offered, and sold substantial quantities of the Infringing Products, and has obtained and continues to obtain substantial profits from these sales.

22.     Colemerg's unauthorized use of Clorox's CLOROX DIAMOND Mark is likely to deceive, confuse, and mislead actual and prospective consumers regarding the source of the Infringing Products, including whether the Infringing Products are genuine Clorox products, and/or whether Clorox has sponsored, authorized, or is somehow affiliated with Colemerg.  Such consumers are likely to be deceived, confused, and mislead before, during and after purchase. Clorox, consequently, has no alternative but to protect its goodwill and famous trademarks by obtaining an injunction against Colemerg's further promotion, distribution, offer, and sale of the Infringing Products.

23.     Colemerg's actions have caused and will cause Clorox irreparable harm for which money damages and other remedies are inadequate.  Unless Colemerg is restrained by this Court, it will continue and/or expand its illegal activities and otherwise continue to cause great and irreparable damage and injury to Clorox by, among other things:

        a.     Depriving Clorox of its statutory rights to use and control use of its trademarks;

        b.     Creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the Infringing Products;

        c.     Causing the public falsely to associate Clorox with Colemerg and/or its

products, or vice versa;

    d.    Causing incalculable and irreparable damage to Clorox's goodwill and the CLOROX DIAMOND Mark, and diluting the capacity of its CLOROX DIAMOND Mark to differentiate Clorox's products from others; and

    e.    Causing Clorox to lose sales of its genuine cleaning, sanitizing and anti-bacterial products.

24.    Accordingly, in addition to other relief sought, Clorox is entitled to injunctive relief against Colemerg and all persons acting in concert with it.

### FIRST CLAIM
### FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. §§ 1114-1117; Lanham Act § 32)

25.    Clorox realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 22 of this Complaint.

26.    Clorox's registration of its CLOROX DIAMOND Mark on the USPTO's principal register is conclusive evidence that Clorox has the exclusive right to use its CLOROX DIAMOND Mark in and throughout the United States in connection with their respective claimed goods.

27.    Without Clorox's consent, Colemerg is using, in connection with the sale, offering for sale, distribution, or advertising of its products – and Mr. Tepe sought register – designs that infringe upon Clorox's registered CLOROX DIAMOND Mark .

28.    Colemerg's unauthorized use of and application to register its copy-cat diamond logo falsely indicates to consumers, and is likely to cause consumers to mistakenly believe, that the Infringing Products are in some manner connected with, sponsored by, affiliated with, related to, or approved by Clorox.

29.    These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, cause harm to Clorox and consumers, and are in violation of 15 U.S.C. § 1114.

30.    As a direct and proximate result of Colemerg's infringing activities, Clorox is entitled to recover Colemerg's unlawful profits and Clorox's substantial damages under 15 U.S.C. 1117(a).

31.     Colemerg's infringement of Clorox's CLOROX DIAMOND Mark is an exceptional case and was intentional, entitling Clorox to treble the amount of its damages and Colemerg's profits, and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a).

32.     Clorox has been, is now, and will be irreparably harmed by Colemerg's infringement and, unless enjoined by the Court pursuant to 15 U.S.C. 1116(a), Colemerg will continue to infringe the CLOROX DIAMOND Mark.  There is no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

**SECOND CLAIM**
**FEDERAL UNFAIR COMPETITION**
**(False Designation of Origin and False Description)**
**(15 U.S.C. § 1125(a); Lanham Act § 43(a))**

33.     Clorox realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 30 of this Complaint.

34.     Colemerg's use of the CLOROX DIAMOND Mark tends falsely to describe its products within the meaning of 15 U.S.C. § 1125(a)(1).  Colemerg's conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of Colemerg's products to the detriment of Clorox and consumers and in violation of 15 U.S.C. § 1125(a)(1).

35.     As a direct and proximate result of Colemerg's infringing activities, Clorox is entitled to recover Colemerg's unlawful profits and Clorox's substantial damages under 15 U.S.C. § 1117(a).

36.     Colemerg's infringement of Clorox's CLOROX DIAMOND Mark is an exceptional case and was intentional, entitling Clorox to treble the amount of its damages and Colemerg's profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

37.     Clorox is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

**THIRD CLAIM**
**FEDERAL DILUTION OF FAMOUS MARKS**
**(Trademark Dilution Revision Act of 2006)**
**(15 U.S.C. § 1125(c); Lanham Act § 43(c))**

38.     Clorox realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 35 of this Complaint.

39.     Clorox's CLOROX DIAMOND Mark is distinctive and famous within the meaning of

1  the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and was distinctive and famous

2  prior to Colemerg's conduct as alleged in this Complaint.

3       40.      Colemerg's conduct is likely to cause dilution of the CLOROX DIAMOND Mark by

4  diminishing its distinctiveness in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C.

5  § 1125(c).

6       41.      Clorox is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c).

7                         **FOURTH CLAIM**
         **CALIFORNIA TRADEMARK INFRINGEMENT AND DILUTION**
8       **(Cal. Bus. & Prof. Code §§ 14200 *et seq*.; Cal. Bus. & Prof. Code § 14247)**

9       42.      Clorox realleges and incorporates by reference each of the allegations contained in

10  paragraphs 1 through 39 of this Complaint.

11       43.      Clorox owns registered and common law rights in its CLOROX DIAMOND Mark .

12       44.      Colemerg is using – and Mr. Tepe sought to register – an imitation of the CLOROX

13  DIAMOND Mark without the consent of Clorox in connection with goods that are identical to

14  Clorox's.

15       45.      Clorox's CLOROX DIAMOND Mark became famous long before Colemerg began

16  using its infringing logo.

17       46.      Colemerg's use of and application to register an imitation of the CLOROX DIAMOND

18  Mark is likely to cause consumer confusion about the source of Colemerg's goods or about a

19  relationship between Clorox and Colemerg, and dilution of Clorox's marks, in violation of California

20  Business & Professions Code §§ 14200 *et seq*., and California Business & Professions Code § 14247.

21       47.      Colemerg infringed and diluted the CLOROX DIAMOND Mark with knowledge and

22  intent to cause confusion, mistake, or deception.

23       48.      Colemerg's conduct is aggravated by that kind of willfulness, wantonness, malice, and

24  conscious indifference to the rights and welfare of Clorox, for which California law allows the

25  imposition of exemplary damages.

26       49.      Pursuant to California Business & Professions Code §§ 14247 and 14250, Clorox is

27  entitled to injunctive relief and damages in the amount of three times Colemerg's profits and three

28  times all damages suffered by Clorox by reason of Colemerg's manufacture, use, display, or sale of

infringing goods.

## FIFTH CLAIM
## CALIFORNIA UNFAIR COMPETITION
### (Cal. Bus. & Prof. Code § 17200)

50.     Clorox realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 47 of this Complaint.

51.     Colemerg's conduct constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code Section 17200.

52.     As a consequence of Colemerg's actions, Clorox is entitled to injunctive relief preventing the conduct alleged in this Complaint.

## PRAYER FOR JUDGMENT

WHEREFORE, Clorox prays that this Court grant it the following relief:

1.     Adjudge that Clorox's CLOROX DIAMOND Mark has been infringed by Colemerg in violation of Clorox's rights under common law, 15 U.S.C. § 1114, and/or California law;

2.     Adjudge that Colemerg has competed unfairly with Clorox in violation of Clorox's rights under common law, 15 U.S.C. § 1125(a), and/or California law;

3.     Adjudge that Colemerg's activities are likely to dilute Clorox's famous CLOROX DIAMOND Mark in violation of Clorox's rights under common law, 15 U.S.C. § 1125(c), and/or California law;

4.     Adjudge that Colemerg and its agents, employees, attorneys, successors, assigns, affiliates, and joint venturers and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through or under it, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

        a.     Manufacturing, producing, sourcing, importing, exporting, selling, buying, offering for sale, distributing, licensing, advertising, or promoting any goods or services, using any words, symbols or designs that so resemble the CLOROX DIAMOND Mark as to be likely to cause confusion, mistake or deception, on or in connection with any

1                                        product that is not authorized by or for Clorox, including without

2                                        limitation the CLOROX DIAMOND Mark, or any other approximation

3                                        of Clorox's trademarks;

4             b.     Using any word, term, name, symbol, device, or combination thereof,

5                                          including without limitation, the CLOROX DIAMOND Mark , that

6                                          causes or is likely to cause confusion, mistake, or deception as to the

7                                          affiliation or association of Colemerg or its products with Clorox or as

8                                          to the origin of Colemerg's goods, or any false designation of origin,

9                                          false or misleading description or representation of fact, or any false or

10                                          misleading advertising;

11             c.     Claiming trademark rights in the CLOROX DIAMOND Mark or any

12                                          other word, symbol, or design that is confusingly similar to the

13                                          CLOROX DIAMOND Mark , including by applying now or in the

14                                        future for federal registration of trademarks comprising the CLOROX

15                                        DIAMOND Mark or any other word, symbol, or design that is similar to

16                                        the CLOROX DIAMOND Mark;

17             d.     Further infringing the rights of Clorox in and to any of its trademarks, or

18                                        otherwise damaging Clorox's goodwill or business reputation;

19             e.     Further diluting Clorox's famous trademarks;

20             f.     Otherwise competing unfairly with Clorox in any manner; and

21             g.     Continuing to perform in any manner whatsoever any of the other acts

22                                      complained of in this Complaint;

23      5.     Adjudge that Colemerg is prohibited from applying to register any other trademark or

24 service mark which is likely to be confused with, or that dilutes the distinctive quality of, the

25 CLOROX DIAMOND Mark;

26      6.     Adjudge that Colemerg be required immediately to supply Clorox's counsel with a

27 complete list of individuals and entities from whom or which it purchased, and to whom or which it

28 sold, offered for sale, distributed, advertised or promoted, Infringing Products as alleged in this

COMPLAINT
CASE NO.  21-cv-855

Complaint;

7.     Adjudge that Colemerg be required immediately to deliver to Clorox's counsel its entire inventory of infringing products, including without limitation, cleaning products, packaging, labeling, advertising and promotional material, and all plates, patterns, files and other material for producing or printing its infringing designs and logos, that are in its possession or subject to its control and that infringe Clorox's trademarks as alleged in this Complaint;

8.     Adjudge that Colemerg, within thirty (30) days after service of the judgment demanded herein, be required to file with this Court and serve upon Clorox's counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;

9.     Adjudge that Clorox recover from Colemerg its damages and lost profits, and Colemerg's profits, in an amount to be proven at trial, as well as punitive damages under California law;

10.    Adjudge that Colemerg be required to account for any profits that are attributable to its illegal acts, and that Clorox be awarded (1) Colemerg's profits and (2) all damages sustained by Clorox, under 15 U.S.C. § 1117, plus prejudgment interest;

11.    Adjudge that the amounts awarded to Clorox pursuant to 15 U.S.C. § 1117 shall be trebled;

12.    Order an accounting of and impose a constructive trust on all of Colemerg's funds and assets that arise out of its infringing activities;

13.    Adjudge that Clorox be awarded its costs and disbursements incurred in connection with this action, including Clorox's reasonable attorneys' fees and investigative expenses; and

14.    Adjudge that all such other relief be awarded to Clorox as this Court deems just and proper.

Dated:  February 3, 2021                    Respectfully submitted,

                                            KILPATRICK TOWNSEND & STOCKTON LLP

                                            By:  /s/Ryan Bricker
                                                              Ryan Bricker

                                            Attorneys for Plaintiff
                                            THE CLOROX PRODUCTS COMPANY

1

## **DEMAND FOR JURY TRIAL**

2

The Clorox Company demands that this action be tried to a jury.

3
Dated:  February 3, 2021                    Respectfully submitted,

4
                                            KILPATRICK TOWNSEND & STOCKTON LLP

5

6
                                            By:_____ /s/ *Ryan Bricker*_____
                                                              Ryan Bricker
7

8
                                            Attorneys for Plaintiff
                                            THE CLOROX PRODUCTS COMPANY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT
CASE NO.  21-cv-855                                                          - 18 -